UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


ARAMIS PALACIOS FRION,

     Petitioner,

v.                                Case No.: 3:26-cv-289-MMH-MCR

WARDEN, NORTH FLORIDA
DETENTION FACILITY, et al.,

     Respondents.

_____/

## ORDER

Petitioner Aramis Palacios Frion, and immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition) on February 11, 2026. An immigration judge ordered Frion, a citizen of Cuba, to be removed from the United States on April 23, 1995. Id. at 4. Frion asserts that United States Immigration and Customs Enforcement (ICE) detained him on August 4, 2025. Id. Frion contends that his continued detention is unlawful because ICE has detained him beyond the presumptively reasonable removal period and ICE is not likely to remove him in the foreseeable future. Id. at 6–7.

On March 16, 2026, Respondents filed a Response to Petition for Writ of Habeas Corpus (Doc. 6), arguing that the Court should dismiss the Petition as

premature because Frion's detention had not exceeded 180 days when he filed the Petition. Frion filed a Reply (Doc. 7).

In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns. Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (citing Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

In this case, the Court finds that the presumptively reasonable six-month period has not expired. Courts have used various methods to calculate

the six-month period. Some courts have considered in the aggregate all periods of detention following an order of removal, regardless of whether the periods of detention were consecutive. See Jaranow v. Bondi, 819 F. Supp. 3d 1229, 1236 (W.D. Wash. 2026) (collecting cases from the Ninth Circuit that "have found that the six-month period of detention need not be consecutive to reach the limit established in Zadvydas"); Patel v. Bondi, No. CV 25-16218 (KMW), 2025 WL 3294353, at *2 (D.N.J. Nov. 26, 2025) (finding that the court must "consider the entire period of [the p]etitioner's detention"—not just the current length of detention). Other courts have not—instead they have determined that each period of detention restarts the removal-period clock. See Barrios v. Ripa, No. 1:25-cv-22644, 2025 WL 2280485, at *8 (S.D. Fla. Aug. 8, 2025) (rejecting a petitioner's argument "that his detention should be counted in the aggregate based upon his prior detentions," because doing so would raise constitutional concerns to "any subsequent period of detention, even one day," "[a]nd adjudicating the constitutionality of every re-detention would obstruct an area that is in the discretion of the Attorney General—effectuating removals"); Liu v. Carter, No. 25-3036-JWL, 2025 WL 1207089, at *2 (D. Kan. Apr. 25, 2025) ("[T]he removal-period clock restarts when an alien subject to a removal order is again detained by ICE."). Still other courts appear to have determined that the presumptively reasonable six-month period includes the 90-day statutory removal period and the 90-days immediately thereafter and

3

expires once that time has run. See Beltran v. Ripa, No. 2:25-cv-01174-SPC-NPM, 2026 WL 21252, at *2 (M.D. Fla. Jan. 5, 2026).

The Court is not persuaded that the presumptively reasonable period of detention restarts with each new detention in every circumstance. Instead, the Court determines that once an individual has been detained for more than six consecutive months after his final order of removal is entered, he has met the first prong of the Zadvydas test. Here, because Frion had not been detained for six consecutive months before he filed this case, his claim under Zadvydas is not yet ripe. Thus, his claim is due to be dismissed. When Frion's Zadvydas claim becomes ripe, he may file a new petition to seek discharge from custody while he awaits removal.

Accordingly, it is **ORDERED**:

1.     Frion's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.

2.     The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

4

3.    The **Clerk** shall send Frion a habeas corpus petition under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (prisoner filings).

**DONE AND ORDERED** in Jacksonville, Florida, on this 16th day of June, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 6/16
c:
Aramis Palacios Frion
Counsel of record